FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:20-CV-05119-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 20. Attorney Cory Brandt represents William M. (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 9. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on March 6, 2014, alleging disability since July 6, 2013, due to a heart attack with residual symptoms, high blood pressure, high cholesterol, and multiple strokes. Tr. 189-94, 207. The applications were denied

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

initially and upon reconsideration. Tr. 117-25, 128-38. Administrative Law Judge (ALJ) Mary Gallagher Dilley held a hearing on December 6, 2016, Tr. 29-65, and issued an unfavorable decision on August 18, 2017, Tr. 15-23. The Appeals Council denied Plaintiff's request for review on May 24, 2018. Tr. 1-6. Plaintiff filed a civil action with this court and on May 2, 2019, the Court issued an order remanding the claim for further proceedings. Tr. 861-75.

A remand hearing was held by ALJ Jesse Shumway on March 16, 2020. Tr. 798-829. On March 31, 2020, ALJ Shumway issued an unfavorable decision. Tr. 737-49. Plaintiff did not file written exceptions with the Appeals Council and the Appeals Council did not review the ALJ's decision; therefore, the March 2020 ALJ decision became the final decision of the Commissioner which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Tr. 735. Plaintiff filed this action for judicial review on July 24, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1969 and was 44 years old as of the alleged onset date. Tr. 21. He has a high school education and a two-year degree in business management. Tr. 36-37. Prior to the alleged disability, he last worked as a truck driver in Oklahoma in 2008. Tr. 37, 208. He quit this job after his wife passed away. Tr. 208. Plaintiff alleged his disability began in July 2013 when he had a heart attack. Tr. 42, 208.

At the first hearing, Plaintiff testified his primary barrier to working was his back pain, which limited the amount of time he could walk and sit, and his unpredictable variations in blood pressure, which caused headaches, lightheadedness, fatigue, and visual disturbances, necessitating multiple rest periods throughout the day. Tr. 40, 43-47, 50-51. In May 2018 Plaintiff underwent a renal artery angioplasty that resulted in substantial improvement in his labile blood pressure events. Tr. 803, 1140-41. By July 2019, Plaintiff had returned to work as a truck driver; he thus requested a closed period of disability.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant

from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 31, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity between the alleged onset date and July 1, 2019, when he returned to work. Tr. 739-40.

At step two, the ALJ determined Plaintiff had the following severe impairments: coronary artery disease, lumbar degenerative disc disease, and labile blood pressure. Tr. 740.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 741.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light exertion level work with the following limitations:

> He cannot climb ladders, ropes, or scaffolds; he cannot crawl; he can frequently perform all other postural activities; he can frequently use foot controls; he cannot be exposed to extreme cold or to hazards, such as unprotected heights and moving mechanical parts.

*Id.*
///

At step four, the ALJ found Plaintiff capable of performing his past relevant work as a cashier. Tr. 747.

Alternatively, the ALJ found at step five that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy, including the jobs of electrical accessories assembler, marker, and wire worker. Tr. 747-48. The ALJ further found that Plaintiff would have been capable of performing other jobs were he further limited to sedentary exertional work with additional postural and environmental limitations. Tr. 748-49.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time since the alleged onset date. Tr. 749.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; (2) improperly rejecting Plaintiff's subjective statements and the lay witness statements; and (3) failing to conduct an adequate step four analysis.

## DISCUSSION

**1.    Medical opinion evidence**

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 18 at 11-16. Plaintiff argues the ALJ improperly rejected opinions from Drs. Hipolito, Marcelo, Drenguis, Miller, and Hurley.

When a treating or examining physician's opinion is contradicted by another physician, the ALJ may reject that opinion for "specific and legitimate reasons,"

based on substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer their conclusions, they "must set forth [their] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

### A.    Dr. Hipolito and Dr. Marcelo

Dr. Hipolito provided a medical report on April 5, 2016, stating Plaintiff was capable of no more than sedentary work, would be expected to be off-task 50% of a normal work day, and would be absent four or more days per month. Tr. 432-33. She additionally opined Plaintiff would have limitations on performing postural activities and would need to lie down approximately three to four times during an eight-hour work shift. Tr. 433.

Dr. Hipolito and Dr. Marcelo each submitted a copy of a letter indicating their opinion that Plaintiff's high and low blood pressure events caused symptoms that would prevent him from returning safely to work. Tr. 434, 708. Both doctors deferred further recommendations regarding Plaintiff's ability to work and the duration of his incapacity to his specialist. *Id.*

The ALJ gave Dr. Hipolito's medical report no weight, finding it to be lacking in meaningful explanation and to be markedly discrepant from the longitudinal medical record, particularly records indicating Plaintiff reported being active without limitations and often denied the symptoms Dr. Hipolito mentioned in the statement. Tr. 745. The ALJ further gave no weight to both copies of the

1  letters submitted by Drs. Hipolito and Marcelo, noting them to be conclusory and
2  unclear, unsupported by the record, and inconsistent with the lack of persistent
3  symptoms from Plaintiff's labile blood pressure. Tr. 745-46. The ALJ further
4  found the letters suspect due to their identical content, and agreed with the medical
5  expert's characterization of the letters as "nonsense." *Id.*
6       Plaintiff argues the ALJ erred, asserting that the opinions are supported by
7  the extensive treatment records and arguing that the ALJ selectively read the
8  record, in violation of the prior remand order from this court. ECF No. 18 at 12-14.
9  Plaintiff further asserts there is nothing nonsensical about the letters, and notes the
10 medical expert agreed that Plaintiff's conditions could cause the reported
11 symptoms. *Id.* at 14-15. Defendant argues the ALJ reasonably discounted the
12 opinions as vague, inconsistent with Plaintiff's reports, and contrary to the context
13 of the record as a whole, and appropriately gave more weight to the medical
14 expert, Dr. Smiley. ECF No. 20 at 12-16.
15      The Court finds the ALJ did not err. The consistency of an opinion with the
16 record as a whole and the amount of explanation offered by the source are
17 legitimate factors for an ALJ to consider. 20 C.F.R. § 404.1527(c). The ALJ
18 reasonably found Dr. Hipolito's medical report to be lacking in explanation for the
19 extreme limits offered. Tr. 745. The report contains little in the way of explanation
20 for the limitations, citing only to the diagnoses and no objective findings or testing.
21 Tr. 432-33.
22      The ALJ further adequately explained his interpretation of the longitudinal
23 medical record, noting the numerous instances when Plaintiff denied symptoms
24 related to his labile blood pressure, or presented with high or low pressure without
25 manifesting any symptoms. Tr. 745-46. The ALJ did not violate the directives of
26 the Court's remand order. The Court found error in the previous ALJ pointing to
27 instances of Plaintiff denying symptoms without acknowledging the times when
28 symptoms were reported. Tr. 868-69. In the present decision, the ALJ engaged in a

thorough discussion of the evidence, acknowledging the varying reports and denials of symptoms, and ultimately finding the weight of the evidence did not support the extent of the limitations assessed by Drs. Hipolito and Marcelo. Tr. 745-46. The Court further finds the ALJ's interpretation is reasonable in light of the medical expert's testimony.

### B.   Consultative examiner Dr. Drenguis

Plaintiff argues the ALJ erred in giving little weight to the manipulative limitations assessed by Dr. Drenguis. ECF No. 18 at 15.

Following an August 2014 exam, Dr. Drenguis offered a medical source statement regarding Plaintiff's abilities. Tr. 410-11. Among other limits, he opined Plaintiff "may frequently reach, handle, finger and feel." Tr. 411. The ALJ found the manipulative limitations were not well-supported by the exam results, which showed no issues with the extremities, and inconsistent with the longitudinal record which did not show Plaintiff having any ongoing persistent difficulties with his arms. Tr. 744.

The Court finds the ALJ did not err. Dr. Drenguis' exam does not document any objective findings supportive of limitations in the upper extremities, and he offered no justification for any limitation on the use of the arms (while listing coronary artery disease as the justification for the standing, walking, and lifting limitations). Tr. 410-11. Furthermore, the record does not document any issues with Plaintiff's arms. Therefore, the ALJ's rationale is supported by the record.

Additionally, as was noted in the prior remand order, any error in the exclusion of the manipulative limitations is harmless. All of the jobs identified by the vocational expert do not require more than frequent reaching, handling,

///
///
///
///

<mark>Case 4:20-cv-05119-JTR    ECF No. 23    filed 04/19/21    PageID.1511    Page 9 of 13</mark>

fingering, or feeling.[1] Therefore, even if the ALJ had adopted Dr. Drenguis' assessed limitations in full, the outcome would not have changed. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

    **C.    Medical expert Dr. Miller**

In connection with the prior hearing, the first ALJ obtained interrogatories from medical expert Scott Miller. Tr. 724-33. Dr. Miller opined Plaintiff was capable of light level lifting and carrying, could stand and walk four hours each in an 8-hour workday, and could sit for two hours in an 8-hour workday. Tr. 724-25. He also assessed additional limitations on use of foot controls, postural activities, and environmental conditions. Tr. 726-28.

The ALJ gave this opinion some weight, but noted Dr. Miller offered little supportive explanation for his opinion and reviewed the record over three years prior to the decision. Tr. 744. The ALJ thus stated that he relied more heavily on the medical expert who testified at the hearing and reviewed the entire medical record. *Id.*

Plaintiff argues the ALJ erred, as the opinion was offered during the relevant period and is supported by the records Dr. Miller reviewed and evidence added to the record later, and is consistent with treating provider opinions. ECF No. 18 at 15. Defendant argues the ALJ reasonably found the opinion inconsistent with normal findings and lacking in supportive explanation, and asserts Plaintiff offered no citation for his assertion that that opinion is consistent with evidence later added to the record. ECF No. 20 at 17-18.

---

[1] *See* Dictionary of Occupational Titles (DOT) #729.687-010, 1991 WL 679733 (electrical accessories assembler); DOT #209.587-034, 1991 WL 671802 (marker); DOT #728.684-022, 1991 WL 679684 (wire worker).

<mark>ORDER GRANTING DEFENDANT'S MOTION . . . - 9</mark>

The Court finds the ALJ did not err. The amount of explanation offered for an opinion and the source's familiarity with the record are legitimate factors for the ALJ to consider. 20 C.F.R. § 404.1527(c). Dr. Miller's interrogatories contain very little in the way of justification for the assessed limitations. Tr. 724-33. The ALJ did not err in assigning more weight to the medical expert who reviewed the entire record and was available for questioning at the hearing.

### D. State agency consultant Dr. Hurley

At the reconsideration stage of review in December 2014, Dr. Wayne Hurley reviewed Plaintiff's file and opined he was capable of light level lifting and carrying, but was limited to two hours of standing and walking. Tr. 93-94.

The ALJ gave some weight to this early opinion, but found Dr. Smiley's opinion was more consistent with the current record, noting a number of exhibits had been added to the file in the intervening five years. Tr. 744. Plaintiff asserts this opinion is still relevant, as it pertains to the period at issue, and argues it is not inconsistent with later added evidence. ECF No. 18 at 16. Defendant argues the ALJ's rationale is reasonable and notes Plaintiff offers no citation for his assertion that the opinion is consistent with later evidence, and notes Plaintiff does not identify which portion of Dr. Hurley's opinion he thinks was improperly rejected. ECF No. 20 at 17-18.

The Court finds the ALJ did not err. As discussed above, a source's familiarity with the record is a reasonable factor to consider, and the ALJ did not err in assigning the most weight to the medical expert who reviewed the entire file and testified at the hearing.

## 2. Plaintiff's subjective complaints

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 18 at 16-19.

It is the province of the ALJ to make determinations regarding a claimant's reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the

ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 742. The ALJ found Plaintiff's statements were inconsistent with the longitudinal medical evidence of record, including his regular denial of any symptoms related to his cardiac condition or labile blood pressure, the lack of objective findings regarding his back problems, his weak and inconsistent work history, and his failure to stop smoking. Tr. 742-43.

Plaintiff argues the ALJ's analysis of Plaintiff's symptoms is not supported and asserts the ALJ violated the remand order by cherry picking instances of symptom-free visits. ECF No. 18 at 16-19. Defendant argues the ALJ reasonably considered Plaintiff's poor work history and the various evidence that demonstrates inconsistency with Plaintiff's allegations, including records of him regularly denying symptoms. ECF No. 20 at 5-10.

The Court finds the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective allegations. The Ninth Circuit has found that a

1  poor work history can support a rejection of a claimant's symptom statements.
2  *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (An ALJ's finding that
3  the claimant had limited work history and "ha[d] shown little propensity to work in
4  her lifetime" was a specific, clear, and convincing reason for discounting the
5  claimant's testimony.). The ALJ reasonably considered Plaintiff's lack of
6  consistent prior work history in discounting his allegations of disability for the
7  requested period.

8      Although it cannot serve as the sole ground for rejecting a claimant's
9  symptom statements, objective medical evidence is a "relevant factor in
10 determining the severity of the claimant's pain and its disabling effects." *Rollins v.*
11 *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). An ALJ may cite inconsistencies
12 between a claimant's testimony and the objective medical evidence in discounting
13 the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d
14 1219, 1227 (9th Cir. 2009). As discussed above, the ALJ reasonably considered the
15 record, discussing the various incidences of Plaintiff's high and low blood pressure
16 events and the accompanying symptoms, or lack thereof. While Plaintiff argues the
17 record supports his allegations, the ALJ's interpretation of the record is supported
18 by substantial evidence. "If the evidence can reasonably support either affirming or
19 reversing a decision, we may not substitute our judgment for that of the
20 Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

21     Plaintiff also asserts the ALJ erred in discounting the testimony of the third
22 party for the same reasons he discounted Plaintiff's subjective statements. ECF No.
23 18 at 18. Because the Court finds no error in the ALJ's discussion of Plaintiff's
24 allegations, the ALJ did not err in rejecting similar testimony from a third party for
25 the same reasons. *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

26 **3.    Step four findings**
27     Plaintiff argues the ALJ erred in his step four determination because the
28 testimony of the vocational expert was based on an incomplete hypothetical

stemming from an inaccurate assessment of the medical and other evidence, and the ALJ failed to make specific findings regarding the demands of the past relevant work. ECF No. 18 at 19-20.

Success on the first assignment of error is dependent on successfully showing that the ALJ erred in his treatment of the symptom statements and medical opinions. Because the Court finds that the ALJ did not harmfully err in his treatment of Plaintiff's symptom statements and the medical opinions, Plaintiff's argument is without merit.

The second issue is harmless at most, as the ALJ made alternative step five findings that Plaintiff has not challenged.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED April 19, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE